# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

MICHELLE R. MATTOX,

          Appellant,

        v.

OFFICE OF PERSONNEL
   MANAGEMENT,

          Agency.

DOCKET NUMBER
DA-0845-15-0449-I-1

DATE: March 9, 2016

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Michelle R. Mattox, Stilwell, Oklahoma, pro se.

Kristopher Lee Rogers, Washington, D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her appeal for lack of jurisdiction after the Office of Personnel Management (OPM) represented that it had rescinded its reconsideration decision concerning an alleged overpayment of annuity benefits. Generally, we grant

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED by this Final Order to address the parties' responses to the Board's December 8, 2015 Order to Show Cause, we AFFIRM the initial decision.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2    By notice dated December 7, 2014, OPM informed the appellant that, according to its calculations, she had been overpaid $11,696.71 in Federal Employees' Retirement System annuity benefits. Initial Appeal File (IAF), Tab 1 at 4, 8-9. The appellant requested reconsideration, and, on June 10, 2015, OPM issued a reconsideration decision affirming its calculation of the overpayment and denying her request for a waiver. IAF, Tab 2 at 2. OPM indicated that it would collect the overpayment in 77 monthly installments of $150.00, plus 1 installment of $146.71, beginning with the appellant's September 1, 2015 check. *Id*. at 5.

¶3    On June 24, 2015, the appellant filed a Board appeal contesting OPM's reconsideration decision. IAF, Tab 1. Subsequently, on July 27, 2015, OPM submitted a letter stating that it "hereby rescinds the reconsideration decision of June 10, 2015." IAF, Tab 7. OPM further stated that, after the appellant's appeal

was dismissed, it would further review its calculation of the alleged overpayment and render a new decision. *Id*. On July 30, 2015, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction based on OPM's representation that it had rescinded its reconsideration decision. IAF, Tab 12, Initial Decision.

¶4     The appellant has filed a petition for review, asserting that OPM failed to issue a new decision and has resumed collection of the alleged overpayment. Petition for Review (PFR) File, Tab 1. In her reply to OPM's response to her petition for review, the appellant submitted a Notice of Annuity Adjustment, indicating that $150.00 would be withheld from her monthly annuity payment to collect the alleged overpayment. PFR File, Tab 5 at 10. The notice is undated, but the appellant states that she received it in early September 2015. *Id*. at 5, 10. In addition, the appellant submitted an undated Summary of Payments, indicating that her January 2015 payment had been reduced by $324.59 for collection of the alleged overpayment. *Id.* at 11.[2] Because the appellant's new evidence raised a question as to whether OPM had restored the appellant to the status quo ante, the Board issued an Order to Show Cause, dated December 8, 2015, directing OPM to submit evidence and argument on the issue. PFR File, Tab 6; *see Martin v. Office of Personnel Management*, 119 M.S.P.R. 188, ¶ 10 (2013) (holding that, if OPM does not restore the appellant to the status quo ante, the reconsideration decision has not been rescinded, and the appeal of that decision remains within the Board's jurisdiction).

¶5     In its response to the Board's order, OPM stated that, on August 31, 2015, following the rescission of its reconsideration decision, it canceled the

---

[2] In addition to the adjustment notice and payment summary, the appellant provided a copy of an undated annuity statement, showing a net annuity payment of $1,179.32 for August 1, 2015. PFR File, Tab 5 at 5. The statement indicates that the August 1, 2015 payment was not reduced for collection of the alleged overpayment. *Id*. The other documents attached to the pleading have no apparent relevance to the question of whether OPM rescinded its reconsideration decision.

withholding that had been scheduled to begin September 1, 2015. PFR File, Tab 8 at 5. OPM explained that the change was made too late in the payment cycle to affect the September 1, 2015 payment and that $150.00 thus was withheld from the payment. *Id*.; *see id.* at 9. However, OPM provided evidence that it had corrected the error by refunding the $150.00 as a one-time annuity adjustment. *Id*. at 10. OPM stated that it initiated the refund on August 31, 2015, and speculated that the appellant would have received it at some point in early September. *Id*. at 5, 10. OPM also provided evidence that, contrary to what was indicated on the Summary of Payments, there were no overpayment withholdings for the appellant's January 2015 annuity payment. *Id*. at 9. OPM explained that the summary was inaccurate due to an "anomaly in [the] system" and that the system would continue to show an overpayment withholding for January 2015 "until a correction for past display errors can be put in place." *Id*. at 5.

¶6      In her reply to OPM's response, the appellant again objects that OPM has yet to issue a new decision. PFR File, Tab 9. She questions OPM's explanation for the withholding from her September 1, 2015 payment, and appears to argue either that OPM canceled the withholding prior to August 31, 2015, or that it should have done so. *Id*. However, she does not dispute that at some point the withholding was canceled and a refund was issued for the amount withheld from her September 1, 2015 check. *Id*. Nor does she dispute OPM's evidence that there was no overpayment withholding for January 2015.

¶7      Having reviewed the parties' submissions, we find that OPM has completely rescinded its reconsideration decision and restored the appellant to the status quo ante. Because the rescission of a reconsideration decision divests the Board of jurisdiction over an appeal in which that decision is at issue, the appeal must be dismissed. *See Rorick v. Office of Personnel Management*, 109 M.S.P.R. 597, ¶ 5 (2008). Accordingly, we affirm the initial decision.

¶8      As noted above, OPM has indicated that it intends to issue a new decision concerning the alleged overpayment. Because it is possible that OPM will renew

its collection efforts in the future, the appellant has not received all the relief she would have obtained if the matter had been adjudicated and she had prevailed. *See id*., ¶ 6.  Hence, even though OPM completely rescinded its June 10, 2015 reconsideration decision, thus divesting the Board of jurisdiction over this appeal, the issues on appeal are not moot.  *See id*.  Thus, rather than dismiss the appeal outright, we dismiss it without prejudice to filing an appeal from any future reconsideration decision by OPM on the same matter.  *See id*.  After OPM issues a new reconsideration decision, the appellant may file a new appeal with the appropriate regional office if she disagrees with that decision.  *See id*., ¶ 7.  Any future appeal must be filed within the time limits set forth in the Board's regulations.  *See* 5 C.F.R. § 1201.22.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in

title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD: _____
William D. Spencer
Clerk of the Board

Washington, D.C.